CHARLES S. LANDERS AND OTHERS *vs.* FLORENCE B. DELL AND OTHERS.

Hartford Dist., Oct. T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

A testatrix gave estate to trustees, to pay the income to her daughter during life ; after her death if she should leave minor children, to apply so much of the income as should be necessary for the support and education of the children, the surplus income to be added to the principal ; and when the youngest child should become twenty-one years old to divide one fourth of the principal among them and their representatives, one fourth ten years later, and the remainder at the end of another ten years. Held that the children who were to receive the property when the youngest child became of age, might not be the immediate issue of the daughter of the testatrix or of any person in being at the death of the testatrix, and therefore that the bequest to the descendants of the daughter violated the statute against perpetuities and was void.

The daughter would be entitled to the income during her life under the trust, which would terminate at her death, and the fee would vest in her as heir at law subject to the trust.

[Argued October 9th—decided October 26th, 1891.]

SUIT for a judicial construction of the will of Jane H. North; brought to the Superior Court in Hartford County, and reserved, on facts agreed, for the advice of this court. The case is fully stated in the opinion.

*F. L. Hungerford*, for the executors.

*L. Harrison*, for Florence B., William A., and Burnham N. Dell, defendants.

FENN, J.  This is a case reserved, claiming an adjudication as to the construction and effect of certain clauses contained in the will of Jane H. North, late of New Britain, deceased.  The seventh paragraph of the will, upon which the questions arise, is very long, and it will be sufficient to state its substance, without fully reciting it.  By that paragraph all of the large residuary estate of the testatrix is devised to persons named, in trust, to invest and hold, paying the income to the daughter of the testatrix, Mrs. Florence B. Dell, during life, for her sole and separate use, with a provision that if said daughter should die leaving a child or children living at her death, and before the youngest child arrives at the age of twenty-one years, so much of the income as necessary be paid quarterly for the education and support of such children until the youngest arrives at twenty-one; that the surplus income be added to the principal; that when the youngest living child becomes twenty-one the trustees divide one fourth of the principal among the children then living, (the children, if any, of a deceased child, to be entitled to what would have been the parent's share) one fourth ten years later, and the balance ten years after the second payment. To which is added this further provision—that if the daughter should die leaving no children, or die leaving children and they should all die leaving no children, then, in such event, the niece of the testatrix, Mrs. Hendrick, should receive five thousand dollars, and the rest should go to the sister of the testatrix, Mrs. Stillman, and her friend, Mrs. Cowan, in equal shares.

Landers v. Dell.

Inasmuch as all the law relating to the various questions propounded seems to have been settled in recent and well-considered cases in this state, we shall in replying to such questions confine ourselves within narrow limits.

We think that the provision of the will holding the principal intact until the youngest child of the daughter of the testatrix shall reach the age of twenty-one years before any portion of the *corpus* can be distributed, then making such division among children, if any, of a deceased child or children of such daughter, violates the statute of perpetuities, since these children, who may be the only persons *in esse* at that time, would not be the immediate issue or descendants of the daughter or of any person in being at the death of the testatrix.

It is, however, the contention of counsel in support of the will, that these possible grandchildren of the daughter, if they take at all under the will, do so by inheritance and not by purchase.   In other words, that the children of Mrs. Dell, as a class, take the equitable title, the legal title having vested in the trustees upon the death of the testatrix. It seems to us that this claim is fully and conclusively answered by the reasoning of this court in *Andrews* v. *Rice* 53 Conn., 566.

According to the principles laid down in *Wheeler* v. *Fellowes*, 52 Conn., 247 ; *Andrews* v. *Rice*, 53 Conn., 571, and in the late and still unreported case of *Beers* v. *Narramore,* the trust continues during the life of Mrs. Dell, and terminates at her decease, subject to which trust the fee is vested in Mrs. Dell as heir at law of the deceased.

The Superior Court is advised accordingly.

In this opinion ANDREWS, C. J., and SEYMOUR and TOR-RANCE, Js., concurred.

CARPENTER, J., (dissenting.)   The testatrix gave the residue of her estate to her executors in trust for her daughter, Mrs. Dell, the trust to continue till her death, and if she died leaving minor children, until her youngest child

should arrive at the age of twenty-one years. The terms of the trust are immaterial. The remainder, at the termination of the trust, is disposed of as follows:—" At the time of the youngest living child becoming twenty-one years of age, I direct my said trustees to pay to such child, or if children to them, share and share alike, one quarter of the principal hereby bequeathed and devised to my said trustees," etc. Then follows a provision that a child or children of a deceased child shall take the share that the parent, if living, would have taken. It then provides that another quarter shall be paid ten years after the first payment, and the balance in ten years after the second payment. In default of children and grandchildren, there are gifts over to Harriet Hendrick, Anna H. Stillman, and Mrs. M. J. Cowan.

It is conceded that it was the intention of the testatrix that the children of Mrs. Dell should take the remainder. The only question is, is the gift to them valid? It is claimed that it is void by virtue of the statute against perpetuities. It seems to me very clear that the title to the remainder vested in the children of Mrs. Dell as a class, at the death of the testatrix. It is familiar and undisputed law that in such cases the class opens to let in after-born children, and that the title is devested as to those who die without issue.

It is a salutary rule of construction that courts will, in cases when it can be done without doing violence to the language of the will, construe estates as vested rather than contingent, and this for the purpose of saving the will and giving effect to the intention of the testator. This rule, if applied, saves this estate to the children. I find nothing in this will forbidding the application. The direction to pay over at the termination of the trust is not inconsistent with a vested title. It is the ordinary case of a postponement of payment to a time subsequent to the vesting of the title in right.

Suppose the remainder had been given to the children of Mrs. Dell who should be living at the time of her decease, payable at the termination of the trust; can it be doubted that

such a bequest would be valid? How does the actual case differ, in principle, from the one supposed?

The majority opinion rests the decision solely on the authority of *Andrews* v. *Rice*, 53 Conn., 566. A brief reference to that case will serve to show a clear distinction between it and this, and will demonstrate that it is not applicable. The gift in that case was in the following language:—" At the decease of my said surviving daughter said trustees shall divide the principal of said trust estate into as many equal shares as I may have grandchildren, or their issue then living, the issue of any deceased grandchildren to be counted as one share; and I give and devise one of said equal shares to each of my said grandchildren in fee simple, and one of said shares to the said issue of each deceased grandchild who has left issue then surviving in fee simple, to be equally divided ; and said trustees shall convey and pay over," etc.

At the death of the daughter the estate was to be divided into shares, and the number of shares could not possibly have been ascertained until that time. Note also the language of the gift;—" I give and devise one of said equal shares to each of my said grandchildren," etc. An estate in severalty is then, after a division, given to each grandchild in one share ; and not the whole estate to the grandchildren as a class. That surely is not this case. I would also call attention to the reasoning of the court. " There is in fact no gift until there is a division of the property into shares, and there can be no division until the death of the surviving daughter. Until then the number of shares cannot be known. Upon the division there is a gift of one share to each grandchild and to the issue of each grandchild. There is not one gift of the whole property to all the legatees to be subsequently distributed, but there is first a division and then a gift of one share to each. Each grandchild takes his or her share in severalty, and the children of each deceased grandchild take one share as tenants in common. Until the division of the property therefore

no one has any vested interest in any part of the property." How is it possible to apply this reasoning to this case?

, The opinion of the majority concludes by declaring that the trust is good, and that, subject to the trust, the fee is in Mrs. Dell as heir at law. Suppose it should so happen, as it may, that Mrs. Dell should die leaving no children and the issue of no children. Then the contingency happens on which the gifts over to Harriet Hendrick, Anna H. Still-man and Mrs. M. J. Cowan depend. In that event what becomes of those bequests? Are they, too, void? If so, for what reason?