# SHEPPERD et al. v. FISHER, Administrator, et al., Appellants.

### Division One, July 13, 1907.

1. **PERPETUITIES.** Alienation of lands beyond the period of a life or lives in being, and twenty-one years and an allowed period of about nine months for gestation thereafter, is a perpetuity, and cannot be upheld. And an estate given to an unborn child of an unborn child is a perpetuity.

2. ———: **Capable of Taking Effect Within Prescribed Period.** The test of the legality of the limitation is not that it is capable of taking effect within the prescribed period; it must be so framed as of necessity to take effect, if at all, within that time. If the limitation is made to depend on an event which may happen immediately after the death of the testator, but which may not happen until after the lapse of the prescribed period, the limitation is void.

3. ———: ———: **Three Life Estates.** The will by one clause gave a life estate to testator's wife in all his lands, and in another said: "To my dearly beloved son, Adam, in trust for Mary Ida Swindell, my daughter, three hundred and sixty-six acres off of the homestead, to vest on and after the death of my beloved wife...; to have and to hold during the life of the said Mary Ida Swindell, and at her death to her bodily heirs, if the said bodily heirs have issue, forever; but should the said heirs of the said Mary Ida Swindell die without issue, then this estate is to revert to this grantee, his heirs, assigns or legal representatives." *Held, first,* that this will created the following estates: First, a life estate in the widow; second, a life estate in the daughter, Mary Ida Swindell, the enjoyment of which is postponed to the death of the widow; third, a life estate in Mary's bodily heirs, who, at her death, are to take a life estate; fourth, a fee is given to these same bodily heirs, should they die leaving descendants; fifth, if they die leaving no

descendants, then the estate is to revert to the testator or his heirs. *Second*, the lives in being mentioned in the will are the widow and daughter, each of whom took a vested life estate, and the next limitation is a life estate to Mary's bodily heirs, which is liable to be enlarged into a fee by the birth unto them of "issue," and if this were the only limitation it would not be obnoxious to the rule against perpetuities, because the estate would vest in Mary's bodily heirs at her death, as that would be within the twenty-one years allowed by the rule after the lives mentioned in the will (the widow and Mary) have terminated. *Third*, but the will goes further and gives the bodily heirs of Mary the fee provided they die leaving issue, and thereby carries the time of vesting the fee in them beyond the period allowed by the law against perpetuities, because Mary may yet have children born unto her, and hence the fee may not vest until the birth of an unborn child of an unborn child. *Fourth*, the devises to the widow and daughter must fail along with the invalid limitation over to the daughter's bodily heirs. *Fifth*, the will being invalid, the testator died intestate.

4. ————: **General Plan of Disposition.** When the will contains distinct and independent provisions, so that different estates in the property are created, the valid ones will be preserved, unless those which are valid are so dependent upon the invalid ones that they cannot be separated without defeating the general intention of the testator.

5. ————: ————: **Devise to Pay Debt.** Where the general purpose of the will was to keep testator's entire estate in his family, intact, and it gave all his lands to his wife for life and then a life estate in one-half thereof to each of two daughters with limitations over to their bodily heirs which are void as perpetuities, it will not be held that a devise of a part of the lands given to each daughter to their husbands in fee upon condition that they pay a mortgage thereon was separate and independent of the testator's general scheme of disposing of his property. And the devises to the widow and daughters being invalid, those to the daughters' husbands, being a part of the general plan of disposition, are also invalid.

6. **PARTITION: Adverse Possession.** Partition cannot be defeated because defendants are in possession, unless they claim it adversely to plaintiffs. The adverse possession which prevents plaintiffs from maintaining partition must be of such a character that, if continued for a sufficient length of time, it would ripen into a perfect title by limitation.

7. ————: **Advancements.** Where the will must fail, advancements made to a son excused by the will from accounting for the same, may be adjudicated in the partition suit.

206 Sup—14.

Appeal from Henry Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED.

*C. C. Dickinson* and *Parks & Son* for appellants.

(1) In cases where, by the common law or statute law of England, any person might become seized in fee tail of any lands, by virtue of any devise, gift, grant or other conveyance, or by any other reasons whatever, such person, instead of being seized thereof in fee tail, shall be deemed and adjudged to be, and shall become, seized thereof for his natural life only, and the remainder shall pass in fee simple absolute to the person to whom the estate tail would, on the death of the first grantee, devisee, or donee in tail, first pass according to the course of the common law, by virtue of such gift, devise, grant or conveyance. Sec. 4592, R. S. 1899. (2) Where a remainder shall be limited to the heirs, or heirs of the body, of a person to whom a life estate in the same premises shall be given, the persons who, on the termination of the life estate, shall be the heir or heirs of the body of such tenant for life shall be entitled to take as purchasers in fee simple, by virtue of the remainder so limited to them. Sec. 4594, R. S. 1899. (3) If any person, by last will, devise any real estate to any person, for the term of such person's life, and after his or her death, to his or her children or heirs or right heirs in fee, such devise shall vest an estate for life only in such devisee, and remainder in fee simple in such children. Sec. 4645, R. S. 1899. (4) Section 4592, Revised Statutes 1899, converts the estate tail, created at common law, into a life estate in the first taker, with a contingent remainder in fee simple in favor of these persons who should answer to the description of the heirs of the body of such first taker. Goodman v. Simmons, 113 Mo. 127; Emmerson v. Hughes, 110 Mo. 631;

Woods v. Kice, 103 Mo. 329; Chiles v. Bartelson, 21
Mo. 344; Phillips v. LaForge, 89 Mo. 72.    (5)   In Mis-
souri, an estate tail has been, by statute, converted into
an estate for life with remainder in fee in second taker.
Rozier v. Graham, 146 Mo. 359; Clarkson v. Clarkson,
125 Mo. 386; Reed v. Lane, 122 Mo. 311.

*W. E. Owen* and *C. A. Calvird* for respondents.

(1)   Any limitation of an estate, by deed or by
devise, which possibly may not vest within a life or
lives in being, and twenty-one years thereafter, with
the addition of the period of gestation of a child *en
ventre sa mere,* or a limitation to the unborn child of an
unborn child, is void.   1  Washburn  on  Real  Prop.
(4 Ed.), p. 110, sec. 57, ch. 4; 2 Washburn on Real
Prop. (4 Ed.), p. 703, sec. 3, ch. 7; Rice Mod. Law Real
Prop., secs. 270, 271, 272, 274, 275; Lockridge v. Mace,
109 Mo. 162.   (2)   Where there is a gift or devise to
a class, as children, heirs or issue, upon a contingency
that may possibly arise beyond the limits of the rule
against perpetuities as to a part of the members of the
class, the gift or devise in such case is void as to all.
Gray on Perpetuities, secs. 369 to 382; 2 Washburn on
Real Prop. (4 Ed.), p. 704; Lockridge v. Mace, 109 Mo.
162; Gates v. Seibert, 157 Mo. 254; Thomas v. Thomas,
73 Am. St. Rep. 427; Coggins' Appeal, 124 Pa. St. 10;
In re Walkerly, 49 Am. St. Rep. 136; Barnum v. Bar-
num, 26 Md. 119; 22 Am. and Eng. Ency. Law (2 Ed.),
724; Johnson's Estate, 185 Pa. St. 179.    (3)   Possibil-
ity of issue is never extinct so long as life lasts.   1
Washburn, Real Prop. (4 Ed.), p. 103, sec. 36; Rozier
v. Graham, 146 Mo. 359.   (4)   A contingent remainder
is subject to the rule against perpetuities.   Gray on
Perpetuities, sec. 204, 213; Gates v. Seibert, 157 Mo.
254.   (5)   The devise to the heirs of Mrs. Swindell and
Mrs. Shepperd would, but for the limitation over by
way of reversion to grantor and his heirs, be a life

estate in said heirs liable to enlarge, upon the birth of issue to them or any of them, into a fee. In other words, a conditional fee, at common law. Yocum v. Siler, 160 Mo. 313; Halbert v. Halbert, 21 Mo. 282; Moore v. Wingate, 53 Mo. 410; 2 Rice on Real Prop., secs. 278, 288; Tiedeman on Real Prop. (1 Ed.), sec. 271. (6) The conditional limitation over by way of executory devise, in the event of the heirs of Mrs. Swindell and Mrs. Shepperd themselves dying without issue, limits the estate devised to the heirs of said daughters, to a life estate, remainder in fee to their issue (issue of heirs) if any survive; but on failure of said issue (issue of heirs) then over to grantor and his heirs in fee. Thompson v. Craig, 64 Mo. 312; Farrar v. Christy, 24 Mo. 453; Harbison v. Swan, 58 Mo. 147; Yocum v. Siler, 160 Mo. 281; Halbert v. Halbert, 21 Mo. 281. (7) If it shall be held that the fee under the terms of the will would vest as indicated, in either of the last two points, 5 and 6, then the limitation must fail for remoteness, for in either case the fee may not vest for more than twenty-one years and ten months after the death of all persons in being at the time of the death of the testator. Or it may vest in the unborn child of an unborn child. (8) Where a devise constitutes one general disposition of the life estate and fee, and any part of it violates the rule against perpetuities, the whole devise will, as to the land, be held void; and the life estate of the widow being void she will take a dower interest. Lockridge v. Mace, 109 Mo. 162; St. Armour v. Rivard, 2 Mich. 294; Donahue v. McNichol, 91 Pa. St. 78; Hawley v. James, 16 Wend. 120.

WOODSON, J.—The plaintiffs filed this bill of equity in the circuit court of Henry county against the defendants, having for its object the construction of the last will and testament of C. S. Fisher, deceased, and a prayer for partition of the real estate.

The petition alleged, substantially, that C. S. Fish-

er died testate, in the county of Henry, and State of Missouri, on the — day of February, 1901; that his will was duly probated, and Adam Fisher qualified as executor and was then acting as such; that said will is in words and figures as follows (formal parts omitted):

"Know all men by these presents: That I, S. C. Fisher, of Henry county, and State of Missouri, being in good health, but declining years, of sound mind and disposing mind and memory, do make and publish this, my last will and testament, hereby revoking all former wills by me at any time heretofore made.

"And as to my worldly estate, and all the property, real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, I devise, bequeath and dispose thereof, in the manner following to-wit:

"First. My will is that all just debts and funeral expenses shall by my executors hereinafter named, be paid out of my estate, as soon after my decease as shall by them be found convenient, out of the most available assets.

"Second. To my beloved wife, Martha Jane Fisher, I give all of my personal property, of whatsoever kind, together with all household goods, to have as her separate and sole property, and further, all of my homestead consisting of seven hundred and thirty-two acres, to have and to hold for and during the natural lifetime of the said Martha Jane Fisher as her sole and separate estate.

"Third. To my beloved daughter, Mary Ida Swindell, I will one dollar as her separate estate.

"Fourth. To my beloved daughter, Susan Ellen Shepperd, I will one dollar as her separate estate.

"Fifth. To my dearly beloved son, Adam, I will in trust for Mary Ida Swindell, my daughter aforesaid, for and during the lifetime of the said Mary Ida Swindell, three hundred and sixty-six acres off of the home-

stead, to vest on and after the death of my beloved wife, Mary Jane Fisher, fully described as follows, to-wit: Forty-nine acres in south one-half of section 34; one hundred and sixty acres, all of southwest one-fourth, and eighty acres, all of the east one-half of southeast one-fourth, and fifteen acres off north part, west one-half of southwest one-fourth; all in section 33, range 27, township No. 44; and sixty-two acres, commencing at the center of section 33, range 27, township 44, thence north sixty-two rods, thence west to section 32, thence due south sixty-two rods, thence due east to the point of beginning; to have and to hold during the life of the said Mary Ida Swindell as her separate estate and at her death to her bodily heirs, if the said bodily heirs have issue, forever, but should the said bodily heirs of the said Mary Ida Swindell die without issue, then this estate is to revert to this grantee, his heirs, assigns or legal representatives.

"Sixth. To my beloved son, Adam Fisher, I will in trust for Susan Ellen Shepperd, my daughter aforesaid, for and during the lifetime of the said Susan Ellen Shepperd, three hundred and sixty-six acres of land off of the homestead, to vest on the death of my wife, being all that portion of land owned by me at this time in sections 33 and 34, range 27, township 44, Henry county, Missouri, less the above-described land willed to my daughter, Mary Ida Swindell, to have and to hold for and during her lifetime as her separate estate, and at the death of the said Susan Ellen Shepperd to her bodily heirs, if they have issue, forever, but should the said bodily heirs of the said Susan Ellen Shepperd die without issue, then this estate is to revert to this grantee, his heirs, assigns or legal representatives.

"Seventh. Since there is at this time deeds of trust amounting to four thousand dollars against the above homestead should it be not paid at my decease, or a part still remaining unpaid, then upon the payment

of one-half the then indebtedness against said homestead by my son-in-law, Thomas M. Swindell, I will that the said T. M. Swindell have and hold in fee simple forever, one hundred and twenty-nine acres of the above homestead, fully described as forty-nine acres in section 34, and eighty acres, the east one-half of the southeast one-fourth of section 33, range 27, township 44, Henry county, Missouri, said one hundred and twenty-nine acres to be taken from that portion willed to my son, Adam Fisher, in trust for Mary Ida Swindell. The said trust to the use of Mary Ida Swindell to be then reduced to two hundred and thirty-seven acres.

"Eighth. Upon the payment of the then one-half indebtedness against said homestead by my son-in-law, David E. Shepperd, I will that the said David E. Shepperd have and hold forever in fee simple, one hundred, eight and three-fourths acres off of the above homestead, being all that land at this time owned by me in the north one-half of section No. 34, range 37, township 44, Henry county, Missouri, said 108 3-4 acres to be taken from that portion willed to my son, Adam, in trust for Susan Ellen Shepperd. The said trust for Susan Ellen Shepperd to be reduced to two hundred fifty-seven and one-fourth acres.

"Ninth. I will, if deemed best by executrix and executor to be hereinafter named, and the above trustee for heirs, Adam Fisher, that that portion of land willed to T. M. Swindell and D. E. Shepperd, be sold at an early day after my decease, that that portion be sold and the proceeds applied to the above-named deeds of trust, but that the option of paying off said deeds of trust and retaining the above lands, be given the above-named T. M. Swindell and D. E. Shepperd as described and set forth in the seventh and eighth divisions of this will and testament.

"Tenth. To my beloved son, Adam Fisher, I will

one dollar as his separate portion of my estate undivided.

"Eleventh. I publish this fact, to-wit: I have deeded to my son, Adam Fisher, nine hundred and thirty-six acres of land situated in Henry county, Missouri, the consideration of which was that he pay four thousand dollars to lift deed of trust now on lands a part of my homestead, and for which I have no note. Now, in case said Adam Fisher fails to redeem said deed of trust on said homestead before my decease, then the said amount, four thousand dollars, be and is hereby made the property of my daughters, Mary Ida Swindell and Susan Ellen Shepperd, in equal proportions.

"Twelfth. I will that nothing in this last will and testament shall authorize my son, Adam Fisher, as trustee for Mary Ida Swindell and Susan Ellen Shepperd aforesaid to assign or transfer, or in any way dispose of said trust, and that the use and proceeds of said trust shall remain to the said Mary Ida Swindell and Susan Ellen Shepperd in the way and manner aforesaid.

"And lastly, I do nominate Martha Jane Fisher and David E. Shepperd to be executrix and executor of this, my last will and testament.

"In testimony whereof, I, the said C. S. Fisher, have to this, my last will and testament, contained on two sheets of paper and on six pages of said sheets of paper, and to every page of said paper subscribed my name and affixed this, my seal, this third day of May A. D. 1899."

The testator afterwards added a codicil to the will changing the name of his executor, but there were no material changes regarding the disposition of his property.

That at the time of testator's death he was the owner in fee of the seven hundred and thirty-two acres

of land described in said will; that he left surviving him his widow, Martha Jane Fisher, one of the defendants; two daughters, Mary Ida Swindell, wife of Thomas M. Swindell, who was thirty-two years of age, and Susan Ellen Shepperd, wife of David E. Shepperd, twenty-eight years of age, the plaintiffs herein; Adam Fisher, a son, and five grandchildren, namely, Beulah M., Rolly A., Orval and Roy Swindell, children of said Thomas M. and Mary Ida Swindell, who were then respectively of the ages of ten, eight, five and three years; and Ruby F. Shepperd, a daughter of said David E. and Susan Ellen Shepperd, who was then six years of age, and who are the other defendants in this case.

That at the time of the death of said Fisher, the encumbrance of four thousand dollars mentioned in said will, upon said homestead, had not been paid, nor any part thereof, and was then a valid and subsisting lien against the land described in the deed of trust; and plaintiffs, Thomas M. Swindell and David E. Shepperd, each stated that he was ready to pay off one half of said indebtedness of four thousand dollars, and each offered to pay the sum of two thousand dollars to discharge said encumbrance upon the judgment, finding and decree of the court that the fee simple title, together with the present right of possession and enjoyment of the rents, issues and profits thereof, should vest in each of said plaintiffs, upon such payment, in and to the tract of land willed to him.

That Martha Jane Fisher, the said widow, had enjoyed the rents and profits of the whole of said homestead since the death of the testator, and should in law and equity be required to pay all accumulation of interest on said encumbrances; that a question had arisen under said will as to whether these two plaintiffs upon making the payments provided for in the will of the testator are entitled to have with the fee simple title to said lands the right to the present possession thereof,

and to the rents, issues and profits arising therefrom, and as to whether said plaintiffs should be required to pay interest on said indebtedness of four thousand dollars.

Wherefore, plaintiffs invoke the aid of the powers of this court of equity to construe and interpret said last will of said C. S. Fisher, and by its decree to vest in these two plaintiffs a fee simple title, together with the right of present possession and enjoyment of the rents, issues and profits arising out of the lands devised to them respectively, as above set forth and described, upon the payment of two thousand dollars by each of them to extinguish and discharge said encumbrance, and to determine who is to pay any interest that may have accumulated on said indebtedness, and to fix any date that to the court may seem just and right for plaintiffs to make such payments and for such other and further relief as to the court shall seem meet and proper in the premises.

Plaintiff further states that it was the aim and intention of said C. S. Fisher to give each of his said daughters, Mary Ida Swindell and Susan Ellen Shepperd, and the descendants of each, 365 acres of land, aggregating the full amount of his said homestead of 732 acres; that he intended to give to Mary Ida Swindell and her descendants the south portion thereof, and to Susa Ellen Shepperd and her descendants the north portion thereof; that he described the portion to be given to said Mary Ida Swindell and her descendants with particularity, and then gave the remainder of his said homestead to Susan Ellen Shepperd and her descendants without describing the same; that in place of giving Mary Ida Swindell 366 acres as he expressed his intention of doing, the land amounted to only 351 acres as described, and of the land described, sixty-five acres, the south part of the west half of the southwest quarter of

section 33, was owned by G.Y. Salmon and H. W. Salmon; that a part of said land was described as follows: one hundred and sixty acres, of southwest one-fourth, and eighty acres, all of the east half of the southeast quarter of section 33, when said description should have been reversed and as follows: one hundred and sixty acres, all of the southeast quarter and eighty acres, all of east half of the southwest quarter of said section 33; that the description of said land as set forth in the said will, left out of the said gift eighty acres, the west half of the southeast quarter of section 33, which land had heretofore been by unrecorded deed given to Mary Ida Swindell and Thomas M. Swindell, and on which they had been living for several years, and on which they had built a house at a cost of one thousand dollars in expectation of a gift from said testator, which he had repeatedly assured them he intended to make to them; that said separate description of the fifteen-acre tract in said devise to Mary Ida Swindell was also included in the description of said one hundred and sixty-acre tract; that by reason of the facts aforesaid, said devise in said last will of said testator did not conform to his intention at the time, but was in fact a mistake of the scrivener who prepared said will, and the residue willed to Susan Ellen Shepperd, instead of being 366 acres, as intended by said testator, was in fact 446 acres, and the portion of Mary Ida Swindell was in fact only 286 acres; that by reason of the premises, a latent ambiguity exists in the description of said lands; and plaintiff, Mary Ida Swindell, invokes the aid of the powers of this court of equity to properly construe said last will of said testator, and to interpret his intention in the disposition and division of said homestead between his said two daughters and their descendants.

Wherefore, plaintiffs pray that, in case the executory devises mentioned and set forth in paragraphs

five and six of said will are valid and binding on all parties concerned, and not in violation of positive rules of law, the court will by its order and decree correct said ambiguity, and find and adjudge that it was the intention of said testator to devise to said Mary Ida Swindell and her descendants the following described lands, to-wit: forty-nine acres in the south half of section 34; one hundred and sixty acres, all of the southeast quarter, and eighty acres, all of the east half of southwest quarter, and fifteen acres off of north end of west half of southwest quarter of section 33, and sixty-two acres, commencing at the center of section 33, running thence north sixty-two rods, thence west to section 32, thence south sixty-two rods, thence east to the place of beginning; all in township No. 44 and range No. 27, Henry county, Missouri, and to Susan Ellen Shepperd and her descendants, 108 3-4 acres off of the west side of the northwest quarter of section 34, and all of the north half of section 33, except the sixty-two acres willed to Mary Ida Swindell and her descendants; ° all in township 44 and range 27 in Henry county, Missouri, and for such other and further relief as to the court shall seem meet and proper in the premises.

Plaintiffs, Mary Ida Swindell and Susan Ellen Shepperd, further state that by paragraph two of said will, testator devised to his widow, the mother of plaintiffs, all of said homestead consisting of seven hundred and thirty-two acres for and during her natural life; and that by paragraphs five and six, said testator in effect and in law attempted to devise the remainder after the death of his widow, Martha Jane Fisher, to these plaintiffs for life to the particular portions as therein described, with remainder after the death of these plaintiffs to their children for life, with remainder after the death of plaintiffs' children to the children of plaintiffs' children in fee simple; that the devise of lands comprised in said homestead constitutes

but one general disposition of the lands of the said testator; that by reason of the facts and premises hereinbefore set forth, it is possible and probable that the fee in the portions of land respectively devised to these two plaintiffs would vest in the unborn child of the unborn child of each of these plaintiffs, and that the fee in said land may not vest either during the lives in being mentioned in said paragraphs, or within twenty-one years thereafter, and that therefore executory devises mentioned in paragraphs five and six violate positive rules of law and are null and void; that by reason of the premises in order that the rights and interests of these two plaintiffs may be ascertained and determined, it has become necessary for the court to construe said last will of said testator in the respect and particular aforesaid; wherefore, plaintiffs invoke the aid of the powers of this court of equity to construe and interpret the legal force and effect of said executory devises and to ascertain and define the rights, interest and estate of these two plaintiffs and their descendants in and to the lands of said testator; and these plaintiffs pray the court to adjudicate, order, find and decree that (1) the devises mentioned and contained in paragraphs two, five and six constitute but one general disposition of said testator's lands and tenements; (2) that the executory devises mentioned and limited in paragraphs five and six are in violation of positive rules of law, and are null and void; (3) that the said homestead of said testator descends to, and vests in, these plaintiffs in equal portions, undivided and in fee simple, subject only to the homestead and dower interest of their mother, Martha Jane Fisher, widow of said testator, C. S. Fisher, and that these two plaintiffs are tenants in common of and in said 732 acres of land; (4) that the court appoint three disinterested commissioners to set off and allot to said Martha Jane Fisher her homestead and dower interest in and to said

lands as the widow of said testator; (5) that said commissioners be directed and empowered to make partition in kind between these two plaintiffs of the remainder of said lands, subject to the right and privilege of said Thomas M. Swindell and David E. Shepperd to pay off said encumbrance of four thousand dollars, and have and hold in fee simple the lands devised to them upon said condition, as mentioned and described in this petition, and in this connection, plaintiffs state that the personal property of said C. S. Fisher is sufficient to pay off and discharge all his debts, and that no part of said lands will be needed for said purpose save and except the land described in said deed of trust for four thousand dollars, which lands in case said Thomas M. Swindell and David E. Shepperd fail to pay off said indebtedness, they pray to be divided between them, subject to the lien of said encumbrance, which they are willing to assume and pay off and release the estate from the burden thereof.

Said plaintiffs, Mary Ida Swindell and Susan Ellen Shepperd, further state that by the last will of said testator, C. S. Fisher, one dollar was given to Adam Fisher, their brother, and son of said deceased; and that it was the intention that said Adam Fisher should have no share in the real estate of which he died seized and possessed; and said plaintiffs allege that during the lifetime of said testator he gave to said Adam Fisher, by way of advancement, nine hundred and thirty acres of land reasonably worth the sum of eighteen thousand dollars, and advanced to the said Adam Fisher money to the amount of about eight thousand dollars; that said Adam Fisher has already received from said testator by way of advancement much more than one-half of the remaining estate of said testator; and that unless said Adam Fisher brings said advancements into hotchpot or fully accounts for the value thereof, he is not entitled to have or receive any part

or interest in the lands of which said C. S. Fisher died seized and possessed; all of which plaintiffs pray the court to order, adjudge and decree. And again plaintiffs ask for such special relief as hereinbefore prayed for, and for such other and general relief as the court shall deem just and proper in the premises.

The adult defendants filed answer as follows (omitting formal parts):

"The defendants, Adam Fisher, as executor of the will of C. S. Fisher, deceased, Martha Jane Fisher and Adam Fisher, answering, state:

"1. They admit that the said C. S. Fisher died testate in the county of Henry and State of Missouri, on February —, 1901, and that his last will and testament was duly admitted to probate and established as such by the probate court of Henry county, Missouri, having jurisdiction thereof, and that said will so made and established as the last will and testament of C. S. Fisher, is in words and figures as set forth in the petition in this cause.

"That the defendant, Adam Fisher, is the duly nominated, qualified and acting executor of said last will and testament.

"Defendants admit that at the date of the death of said C. S. Fisher, he was the owner in fee, subject to the encumbrance mentioned in said will, of 732 acres of land mentioned and described therein as his homestead; that said C. S. Fisher left surviving him his widow, Martha Jane Fisher, defendant herein; the plaintiffs, Mary Ida Swindell, his daughter, then 32 years of age; the defendants, Beulah M. Swindell, Rolly A. Swindell, Orval Swindell and Roy Swindell, his grandchildren and children of said Mary Ida Swindell, who were then respectively ten, eight, five and three years old; and plaintiff, Thomas M. Swindell, the husband of Mary Ida Swindell, mentioned in said will; also the plaintiffs, David E. Shepperd and Susan Ellen Shep-

perd, husband and wife, said Susan Ellen Shepperd being then 28 years of age, and the defendant, Ruby F. Shepperd, his grand-daughter and daughter of said Susan Ellen Shepperd, then six years old; also the defendant, Adam Fisher, son of the testator.

"Defendants admit that at the time of the death of the said C. S. Fisher, the said encumbrance of four thousand dollars, mentioned in said last will, against said homestead had not been paid in whole or in part, and that it was then, ever since has been, and is now a valid and subsisting lien against said portion of said homestead as is mentioned and described in said deed of trust.

"These defendants admit that a mistake was made by the scrivener in drawing the 5th and 6th paragraphs of the last will and testament in the particular description of the lands severally and respectively devised in said paragraphs, and that it was the intention of said testator to devise in trust under the provisions of paragraphs five and six an equal amount of land to each of plaintiffs, Mary Ida Swindell and her bodily heirs, and Susan Ellen Shepperd and her bodily heirs; and that by reason of the mistake of the scrivener, a latent ambiguity has arisen as to the lands severally and respectively devised under said paragraphs five and six.

"And defendants further admit that by said last will of the said testator, C. S. Fisher, one dollar was given to the defendant, Adam Fisher, as full provision, and that it was the intention of said testator that said defendant was to have no share in the above-described lands, or in the estate of said C. S. Fisher, deceased, and that this defendant, Adam Fisher, has no further interest or title in said lands save as trustee to hold the title under the provisions of said will for the beneficiaries therein named.

"2. . These defendants deny each other allegation

contained in plaintiffs' petition not hereinbefore specifically admitted.''

C. C. Dickinson was appointed as guardian *ad litem* for the minor defendants and accepted appointment and filed answer as follows (omitting formal parts):

"C. C. Dickinson, guardian *ad litem* for Ruby F. Shepperd, Beulah M. Swindell, Rolly A. Swindell, Orval Swindell and Roy Swindell, minor defendants in the above-entitled cause, answering, states that the said C. S. Fisher died testate in the county of Henry and State of Missouri, on the — day of February, 1901; and that his last will and testament was duly admitted to probate in the probate court of Henry county, Missouri, and that Adam Fisher, nominated in said will as such executor, qualified as such, and is now the duly and legally qualified and acting executor of said last will and testament of said C. S. Fisher, deceased, and that said last will and testament is in words and figures as set forth in the petition of plaintiff.

"And further admits that at the date of the death of C. S. Fisher, he was the owner in fee, subject to the encumbrance mentioned in said will, of the 732 acres of land mentioned and described therein as his homestead; that said C. S. Fisher left surviving him his widow, Martha Jane Fisher, defendant herein; plaintiff, Mary Ida Swindell, his daughter, then thirty-two years of age; the defendants, Beulah M. Swindell, Rolly A. Swindell, Orval Swindell and Roy Swindell, his grandchildren and children of said Mary Ida Swindell, who were then respectively of the ages of ten, eight, five and three years; and plaintiff, Thomas M. Swindell, devisee, and husband of said Mary Ida Swindell; also the plaintiffs, David E. Shepperd and Susan Ellen Shepperd, husband and wife, said Susan Ellen Shepperd then being twenty-eight years of age; also

Ruby F. Shepperd, his granddaughter and daughter of said Susan Ellen Shepperd, then six years of age, and defendant herein; also the defendant, Adam Fisher, son of the testator.

"And further admits that at the time of the death of C. S. Fisher, said encumbrance of four thousand dollars mentioned in said last will against said homestead, had not been paid, in whole or in part, and that it was then, ever since has been, and is now a valid and subsisting lien against the portion of said homestead as is mentioned and described in said deed of trust; and further admits that a mistake was made by the scrivener in drawing the fifth and sixth paragraphs of the said last will, in the particular description of the lands severally devised in said paragraphs, and that it was the intention of said testator to devise in trust under the provisions of paragraphs five and six an equal amount of land to each of the plaintiffs, Mary Ida Swindell and her bodily heirs, and Susan Ellen Shepperd and her bodily heirs, and that by reason of such mistake of the scrivener, a latent ambiguity has arisen as to the lands severally and respectively devised under said paragraphs five and six.

"And the said guardian *ad litem* further answering, says the plaintiffs, Susan Ellen Shepperd and Mary Ida Swindell, have each only a life estate in the lands described in the petition, and which plaintiffs claim they have a fee simple therein, and says that it was the intention of the testator to give them a life estate in the respective lands devised and sought to be devised to them under the will; and that these minor defendants have and hold under said will a fee simple title to said lands in which their respective mothers hold a life estate. And further answering says, they admit that the said Adam Fisher has no interest save as trustee under the will. And further answering, said guardian *ad litem* prays the court to determine the

interest of all parties, plaintiffs and defendants, under said will, in all of said lands; and prays that the rights of said minor defendants under said will be fully protected, and for all proper orders, findings and decrees as may be right and just."

Thus were the issues joined in the cause.

Plaintiffs introduced the following evidence, to-wit:

David E. Shepperd, being sworn, on the part of plaintiffs, testified in their behalf as follows:

"Q. You are the husband of Susan Ellen Shepperd? A. Yes, sir."

Defendants object to the testimony of this witness on the ground that he is incompetent to testify under the statute.

Said witness testified that he knew of C. S. Fisher, the testator, giving nine hundred and thirty acres of land in his lifetime to his son, Adam Fisher, and that six hundred and ninety acres of it was worth twenty dollars an acre at the time of the trial and eighteen dollars an acre at the time of the gift, and that the remaining two hundred and forty acres was worth thirty-five dollars an acre at the time of the trial and thirty-two dollars an acre at the time of the gift; that the seven hundred and thirty-two acres left by C. S. Fisher at the time of his death was reasonably worth at the date of the trial thirty dollars per acre and worth twenty-seven dollars an acre at the time of the gift to Adam Fisher.

Thomas M. Swindell testified on behalf of defendants as follows:

"Q. You are the husband of Mary Ida Swindell? A. Yes, sir."

Defendants object to this witness testifying on the ground that he is the husband of plaintiff and incompetent under the statute to testify, and also moved that the testimony of the witness be restricted to land in

which he could acquire interest under the will of C. S. Fisher, deceased. Said witness thereupon testified that he knew of the circumstance of C. S. Fisher, the testator, giving his son, Adam Fisher, defendant, nine hundred and thirty acres of land in his lifetime, and that said land was worth from twenty dollars to twenty-five dollars an acre at the time of the gift and that the seven hundred and thirty-two acres of land left by C. S. Fisher at the time of his death was worth about twenty dollars to twenty-five dollars an acre.

Plaintiffs thereupon offered in evidence the record of the conveyance of nine hundred and thirty acres of land from C. S. Fisher to the defendant Adam Fisher, and also in evidence the inventory of the estate of C. S. Fisher, deceased, showing only a small amount of personal assets belonging to said estate. Plaintiffs thereupon offered in evidence the will of C. S. Fisher and the records of the probate court showing the admission of said will to probate and the same was established as the last will and testament of C. S. Fisher, deceased, which said last will and testament of C. S. Fisher, deceased, is in words and figures as set out in plaintiff's petition.

D. E. Shepperd, being recalled, testified that he had never paid the mortgage on the tract of land devised to him conditionally, and had never gone to the executor and offered to pay the same, or pay any interest thereon, but the reason why he did not do so was that the executor and the widow both denied that he had any claim on the land.

T. M. Swindell testified to the same effect.

At the September term, 1903, D. E. Shepperd, being recalled, testified that since the former trial there had been another child born to him and Susan Ellen Shepperd, and this was all the evidence that was offered.

Thereupon the court took said cause under advise-

ment until the January term, 1904, and again took the said cause under advisement until the April term, 1904, and on the ninth day of June, 1904, during the said April term, rendered its decree, which decree is in words and figures as follows (omitting caption):

"Now, on this day this cause coming for final hearing, and the plaintiffs appearing in person and by attorneys, and the adult defendants, Adam Fisher and Martha Jane Fisher, appearing in person, and by attorney having filed answer; and it appearing to the court that the minor defendants, Ruby F. Shepperd, Beulah M. Swindell, Rolly A. Swindell, Orval Swindell and Roy Swindell, have been duly served with personal process by the sheriff of Henry county, Missouri, more than thirty days before the first day of the May term, 1903, of this court, and said minor defendants having appeared by C. C. Dickinson, their guardian *ad litem* heretofore appointed by the court, and said guardian *ad litem* having filed answer for said minor defendants; and all parties announcing ready for trial, the cause is now here submitted to the court upon the pleadings, evidence and argument of counsel, and the court, after being fully advised in the premises and after having the case under advisement from September term, 1903, to April term, 1904, finds the facts as follows:

"That C. S. Fisher died testate in the county of Henry and State of Missouri, on the — day of February, 1901; that the last will and testament of said C. S. Fisher was thereafter admitted to probate in the probate court of Henry county, Missouri, and defendant, Adam Fisher, nominated in said will as executor, qualified as such, and is now the duly and legally qualified and acting executor of said last will and testament of said C. S. Fisher, deceased; that said last will and testament of said C. S. Fisher is in words and figures as set out in the petition.

"That at the date of the death of said C. S. Fisher, he was the owner in fee of seven hundred and thirty-two acres of land mentioned and described above in his said last will and testament and denominated his homestead, and more particularly described as follows, to-wit: The north half of section 33, the southeast quarter of section 33, and the east half of the southeast quarter of section 33, 108 3-4 acres off of the west side of the northwest quarter of section 34, and forty-nine acres in the southwest quarter of section 34, being all the land owned by testator on said quarter section; and more particularly described as follows: Commencing at the southwest corner of section 34, running thence north ten chains for a point beginning; thence north forty-nine degrees east, 36.56 chains, thence north to the half section line running east and west; thence west to the section line between sections 33 and 34; thence south to the place of beginning; all of said lands being situated in township 44, and range 27, in Henry county, State of Missouri.

"That said C. S. Fisher left surviving him his widow, the defendant Martha Jane Fisher; plaintiff Mary Ida Swindell, his daughter, then thirty-two years of age; the defendants, Beulah M. Swindell, Rolly A. Swindell, Orval Swindell and Roy Swindell, his grandchildren and children of Mary Ida Swindell, who were then respectively of the ages of ten, eight, five and three years, and plaintiff, Thomas M. Swindell, devisee under said will, and husband of said Mary Ida Swindell; also plaintiffs David E. Shepperd and Susan Ellen Shepperd, husband and wife, said Susan Ellen Shepperd, daughter of testator, being twenty-eight years of age; also Ruby F. Shepperd, his granddaughter, and daughter of Susan Ellen Shepperd, then six years of age, and defendant herein; also defendant Adam Fisher, his son. That since the institution of this suit, there has been born to the plaintiffs, David

E. Shepperd and Susan Ellen Shepperd, an infant daughter, now living and aged about six months.

"The court further finds that at the time of the death of the said C. S. Fisher, said encumbrance of four thousand dollars, mentioned in his said will above set out against said homestead, and in which encumbrance Martha Jane Fisher joined as party thereto, had not been paid or any part thereof, and that it was then, ever since has been, and now is, a valid and subsisting lien against the portion of said homestead mentioned in said deed of trust; that plaintiffs David E. Shepperd and Thomas M. Swindell are each willing to pay one-half of said encumbrance, and upon the payment of said encumbrance mentioned in said will are each entitled to the fee simple title to the real estate therein willed to them, together with the right to the possession and rents and profits thereof.

"The court further finds that the plaintiff David E. Shepperd, upon paying one-half of said encumbrance on said real estate, is entitled to the fee simple title to and the present right of possession of the following described portion of said lands mentioned in said will, to-wit: one hundred and eight and three-fourths acres of land, off of the west side of the northwest quarter of section 34 in township 44 and range 27 in Henry county, Missouri.

"And that plaintiff Thomas M. Swindell, upon the payment of one-half of said encumbrance, is entitled to the fee simple title to and the possession of the following described portion of said land mentioned in said will above set out, to-wit: one hundred and twenty-nine acres described as follows: eighty acres, the east half of the southeast fourth of section 33, and forty-nine acres, commencing at the southwest corner of section 34, running thence north ten chains, for a point of beginning; thence north forty-nine degrees east, 36.56 chains, thence north to the half section line, running

east and west; thence west to the section line between sections 33 and 34, thence south to the place of beginning; all in township 44 and range 27, Henry county, Missouri.

"The court further finds from the evidence that the defendant Martha Jane Fisher has, since the death of the testator, been in possession of said homestead, and that she should in law and equity pay all accumulations of interest on said mortgage indebtedness up to the last interest payment date.

"The court further finds that under the will of said testator, and under the evidence in this cause, one dollar was willed to Adam Fisher, son of testator, and that it was the intention of said testator that said Adam Fisher should have no share in the lands owned by him at the time of his death; that testator has advanced to said Adam Fisher nine hundred and thirty acres of land, and about eight thousand dollars, and that by reason of said advancements, said Adam Fisher has already received from testator in his lifetime property amounting in value to more than one-half of all the property left by said testator at the time of his death; that said Adam Fisher has not offered to bring same into hotchpot, or to account for the value thereof, and that under said will, the law and the evidence, he is not entitled to have or receive any part or interest in the lands of which the said testator died seized and possessed.

"The court further finds as a fact that there was a mistake of the scrivener in the description of the lands of the testator, and there is a latent ambiguity therein, in manner and in form as set out in plaintiff's petition; and that if the court shall hold said will valid in the dispositions made in paragraphs five and six, then said will should be corrected and in accordance with the facts stated and the prayer set forth in plaintiff's petition.

"The court further finds that the devises set out in paragraphs two, five and six of the will of the testator, C. S. Fisher, constitute but one general disposition of all the lands and tenements of which the said C. S. Fisher died seized and possessed.

"The court further finds that the devises mentioned and limited in paragraphs five and six of said will are in violation of positive rules of law and tending to create a perpetuity, and must therefore be declared null and void.

"The court further finds that the homestead interest of Martha Jane Fisher of, in and to the lands of said testator is less in value and interest than her dower therein will amount to, and that said Martha Jane Fisher is therefore, as the widow of testator, entitled to have set off to her, first, her homestead interest, and in addition thereto as and for her dower interest in all of the lands of which said testator died seized, sufficient land that shall with said homestead equal one-third value of said lands of deceased save and except that part specifically willed to and found to be devised to David E. Shepperd and Thomas M. Swindell, and upon each of them complying with the provisions of said will and said dower interest is to increase by the equity in said specific tracts in proportion to the excess in value thereof over and above said encumbrance, existing against a portion of said lands, and of which lands included in said encumbrances, the lands specifically devised to said Shepperd and Swindell are a portion only.

"The court further finds that the said homestead of said testator, consisting of 732 acres, vests by reason of said will and the law in Susan Ellen Shepperd and Mary Ida Swindell in equal proportions undivided, and in fee simple, as tenants in common, subject to the dower interest of Martha Jane Fisher, and to the specific conditional devises to David E. Shepperd and

Thomas M. Swindell; and that said Mary Ida Swindell
and Susan Ellen Shepperd are entitled to have com-
missioners appointed for the purpose of admeasuring
dower and for partitioning said land in kind between
them; and the court finds that said lands can be divided
in kind and that it is to the best interest of the parties
entitled thereto that partition be had in kind.

"Wherefore, by reason of the premises, it is con-
sidered, ordered, adjudged and decreed as follows:

"That upon the condition that Thomas M. Swin-
dell and David E. Shepperd or either of them pay off
said encumbrances of $4,000, the sum of $2,000 with in-
terest from the last interest payment date up to the
date of payment within sixty days from the date when
this judgment becomes final and binding, then and in
that event the fee simple interest in and to the specific
lands devised to each of them so complying with said
payment and as above described in the findings of this
court, shall vest in the one or both so complying, to-
gether with the possession thereof, and the present
right to have, use, occupy and enjoy the rents, issues
and emoluments thereof, and on the failure of either or
both of said parties to comply with the terms and pro-
visions of said will of said C. S. Fisher, and the findings
and decree of this court, then all of the right, title, in-
terest of the one or both of them so failing to comply
therewith shall cease, determine and be forever barred.

"2. That the devises set out in paragraphs two,
five and six of the will of said C. S. Fisher constitute
but one general disposition of all of the lands and tene-
ments of which said testator died seized, and that the
devises mentioned and limited in paragraphs five and
six of said will violate positive rules of law, and are
therefore null and void and convey no right, title or
interest in the lands therein described to the devisees
therein mentioned; and that by reason of the nullity of
said paragraphs five and six and the one general dis-

position embraced in paragraphs two, five and six, said life estate attempted to be devised to Martha Jane Fisher by said paragraph two is null and void and inoperative.

"3. The homestead of Martha Jane Fisher, being less in extent and in value than her dower interest in the lands of which said C. S. Fisher died seized, that she, said Martha Jane Fisher, have admeasured and set off to her by commissioners, first, her homestead, and in addition as and for dower sufficient land so that both taken together shall equal one-third interest in and to all said lands save and except the specific portions willed and herein found to vest in Thomas M. Swindell and David E. Shepperd, and her said dower interest in the other lands shall be increased by her interest in the equity in said specific tracts over and above the said encumbrance; that subject to the dower and life estate of Martha Jane Fisher, and the conditional fee simple estate of Thomas M. Swindell and David E. Shepperd, all of said lands of which said C. S. Fisher died seized vests in fee simple in Mary Ida Swindell and Susan Ellen Shepperd; and that subject to the life dower interest of Martha Jane Fisher, and the conditional fee simple of said Thomas M. Swindell and David E. Shepperd, partition to be made between said Mary Ida Swindell and Susan Ellen Shepperd of all of said lands in equal shares and proportions, to-wit: one-half interest to each of them, and in case Thomas M. Swindell and David E. Shepperd or either of them fails to comply with the provisions of said will, and this decree within the sixty days limited, then said commissioners herein appointed shall partition and divide in equal shares that part, or all of the lands so specifically willed to one, or both of said devisees, and said Mary Ida Swindell and Susan Ellen Shepperd shall have and receive such lands subject to

the lien of said encumbrance which they assume and agree to pay.

"4. That the latent ambiguity arising from the misdescription of lands of testator in his said will be not corrected, for the reason that the court adjudges and decrees that the devises five and six in which said ambiguity occurs are void and of no force or effect to convey title as therein limited.

"5. That Adam Fisher, son of testator, had no right, title or interest in or to any part of the real estate of which testator died seized, either under the will, or under the facts adduced in evidence in this case.

"6. That A. M. Highnote, W. H. Cock and F. M. Groff be and the same are hereby appointed commissioners to admeasure and set out homestead and dower to Martha Jane Fisher, widow of testator, and to make partition in kind of all the lands of which the said testator died seized, between said Mary Ida Swindell and Susan Ellen Shepperd, subject to the said dower interest of Martha Jane Fisher, and the conditional fee interest of Thomas M. Swindell and David E. Shepperd; all as herein set forth and defined, and to make report of their proceedings to the regular September term of this court."

To which decree and action of the court, defendants then and there at the time duly excepted.

In due time defendants filed their motions for a new trial and in arrest of judgment, which were, by the court, overruled, and to the action of the court in overruling them the defendants duly excepted, and appealed the case to this court.

I. Appellants assign numerous errors committed by the trial court, but from the view we take of the case it will be only necessary to review the following:

"1. That the court erred in holding that paragraphs two, five and six of said will constitute but one general disposition of all the lands of the testator.

"2. That the court erred in holding that paragraphs two, five and six are void and that the interest of the widow is confined to homestead and dower as in cases of intestates.

"3. That the court erred in holding that paragraphs five and six are null and void.

"4. That the court erred in holding that bodily heirs of said Mary Ida Swindell and Susan Ellen Shepperd have no interest or estate of remainder or otherwise in said land.

"5. That the court erred in holding that the plaintiffs, Mary Ida Swindell and Susan Ellen Shepperd, own the land in fee, instead of for life, subject to the estate of the widow therein.

"6. That the court erred in holding void the condition limiting the estate of the bodily heirs of said Mary Ida Swindell and Susan Ellen Shepperd, instead of holding the entire paragraphs two, five and six void.

"7. That the court erred in holding that partition could be had of lands in adverse possession, and in granting relief as shown in the decree in this cause."

The paragraphs of the will which call for special consideration are two, five, six, seven, eight and nine, which are copied in full in the statement accompanying this opinion.

The first and most important question which is presented by this record, and which has been most ably discussed in briefs and by oral argument of learned counsel on either side at the hearing of this case, is, are the devises made in paragraphs five and six void because they transgress the law of perpetuities?

And, second, do the devises mentioned in paragraphs two, five and six constitute one general disposition of all the lands and tenements of which the testator died seized, resulting, if held void, in the nullifi-

cation of the devise and bequest made to Martha Jane Fisher, his widow?

These two questions cover appellants' first four assignments of error.

After disposing of these two propositions in the order stated, we will then take up the several minor questions presented.

Mr. Washburn lays down the rule of law against perpetuities in the following language: "Still the policy of the law is against clogging the free alienation of estates, and, as will be shown hereafter, it has become an imperative, unyielding rule of law, first, that no estate can be given to the unborn child of an unborn child; and, second, that lands cannot be limited in any mode so as to be locked up from alienation beyond the period of a life or lives in being and twenty-one years after, allowing the period of gestation in addition, of a child *en ventre sa mere,* who is to take under such a limitation." [1 Washburn on Real Prop. (4 Ed.), p. 110, sec. 57.]

SHERWOOD, J., quotes, with approval, the foregoing language of Mr. Washburn in the case of Lockridge v. Mace, 109 Mo. 1. c. 166. In discussing this same question another eminent authority says: "Perpetuities are grants of property, wherein the vesting of an estate or interest is unlawfully postponed; and they are called perpetuities, not because the grant, as written, would make them perpetual, but because they transgress the limits which the law has set in restraint of grants that tend to a perpetual suspense of the title, or of its vesting; or, as is sometimes, with less accuracy, expressed, to a perpetual prevention of alienation. It is any limitation tending to take the subject of it out of commerce for a longer period than a life or lives in being, and twenty-one years beyond; and in case of a posthumous child, a few months more, allowing for the term of gestation; or it is such a limitation of property

as renders it unalienable beyond the period allowed by
law. The particular feature in limitations of future
interests, with which the rule against perpetuities is
connected, is the time of their vesting or, in other
words, of their becoming interests transmissible to the
representatives of the grantee, devisee or legatee, and
disposable by him.'' [Rice on Modern Law of Real
Property, p. 755, sec. 270; Mifflin's Appeal, 121 Pa. St.
205.]

Continuing, the same author, in the following sec-
tion, says: ''It was always easy to determine where
an executory devise contravenes the rule against per-
petuities by this single inquiry, viz: 'Is it possible
that the event or contingency upon which the estate
must vest, may not occur or happen within the pre-
scribed period limited by the rule? For if, by any pos-
sibility, the event might not happen within the time,
the devise is obnoxious to the rule, and hence invalid.
In all instances, under all circumstances, the contin-
gency upon which the vesting of the estate hinges
must be of such a character that it will infallibly oc-
cur sometime within the limit.''

Mr. Rice lays down the true test of the legality of
such limitations in the following language: ''In the
application of this rule, in order to test the legality of
a limitation, it is not sufficient that it be capable of tak-
ing effect within the prescribed period; it must be so
framed as *ex necessitate* to take effect, if at all,
within that time. If, therefore, a limitation is made
to depend upon an event which may happen immediate-
ly after the death of the testator, but which may not
occur until after the lapse of the prescribed period, the
limitation is void. The object of the rule is to prevent
any limitation which may restrain the alienation of
property beyond the precise period within which it
must by law take effect. . . . The true test by which
to ascertain whether a limitation over is void for re-

moteness, is very simple. It does not depend upon the character or nature of the contingency or event upon which it is to take effect. These may be varied to any extent. But it turns on the single question, whether the prescribed contingency or event may not arise until after the time allowed by law, within which the gift over must take effect.'' [Rice on Modern Law of Real Property, p. 762, sec. 275.]

The rule of law against perpetuities is not complicated nor difficult of understanding, but is like most rules of universal application—it is often found difficult in applying it to the facts of a particular case. But if the object of the rule is constantly borne in mind, and the kind of interests or estates which come under its operation, the proper application of the rule is very much simplified. The object of the rule, as before stated, is to leave the alienation or circulation of property free from all entanglements and other obstructions, so that it will freely pass and circulate in the channels of commerce, and the kind of the estates to which the rule applies are contingent remainders, conditional limitations, executory devises and springing and shifting uses. These interests or estates at common law were inalienable, because of their contingent nature. [2 Washburn on Real Property (4 Ed.), p. 591, sec. 6.]

Such estates withdrew the landed property from the ordinary channels of commerce, its disposal and acquisition was rendered difficult, its improvement was greatly retarded, the development of the country was stayed, and the capital of the country was gradually withdrawn from trade and circulation. In order to escape from that condition of things, the courts originated and developed and put in force the rule against perpetuities. It is a pure and simple judge-made law of extensive application, and in force in one form or other in every civilized nation on the globe, and stands

inexorably against all efforts tending to impede or clog the devolution and free circulation of property in the channels of commerce.

In the absence of statutes to the contrary, this rule never applies to vested remainders, because at common law they were always alienable and for that reason they never fall under the bane of the courts, or the displeasure of the lawmakers, except in recent years a few of the states have enacted statutes prohibiting the sale of vested remainders. In the states where those statutes exist, of course, the rule of perpetuities applies with equal reason and force to vested as it does to contingent remainders. [Rice on Modern Law of Real Property, pp. 755 to 764, secs. 270 to 276; Gray on Rule Against Perpetuities, p. 167, sec. 205; 2 Washburn on Real Property (4 Ed.), p. 705, sec. 4.]

We will now, in the light of the foregoing remarks, apply the rule against perpetuities to the devises made to Mary Ida Swindell and Susan Ellen Shepperd, found in the fifth and sixth paragraphs of the will. If the limitations fixed by the will, in which the estates must vest in the most remote devisees named, exceed or may exceed a period of time measured by a life or lives in being, at the death of the testator, and twenty-one years, and the allowed nine months for gestation afterwards, then they are invalid, and the estates thereby devised and limited must fail. In the consideration of this point it will be necessary to consider paragraph two, also, which gives a life estate in all the property to his widow.

The estate devised by paragraphs five and six are identical, and for that reason we will consider only the fifth, and what is said regarding it will apply equally to paragraph six.

The material parts of five, omitting the description of the land, are as follows:

206 Sup—16

"Fifth.  To my dearly beloved son, Adam, I will in trust for Mary Ida Swindell, my daughter, for and during the life of said Mary Ida Swindell, three hundred and sixty-six acres off of the homestead, to vest on and after the death of my beloved wife, Martha Jane Fisher, duly described as follows:  .  .  .  .  . to have and to hold during the life of the said Mary Ida Swindell as her separate estate, and at her death to her bodily heirs, if the said bodily heirs have issue, forever; but should the said heirs of the said Martha Ida Swindell die without issue, then this estate is to revert to this grantee (devisor), his heirs, assigns, or legal representatives."

When we analyze this will, we find it disposes of the following estates, in the land described in the will: First, a life estate in the entire land is given to Martha Jane Fisher, the widow; second, a life estate in one-half of the land is given to Mary Ida Swindell for life, the enjoyment of which is postponed by the will till the death of the widow of the testator; third, a life estate is devised to her bodily heirs, who, at her death, are to take a life estate; fourth, a fee is given to these same bodily heirs, if they should have issue born unto them; and, fifth, if no such issue shall be born, then the remainder of the estate is to revert to the devisor, his heirs, assigns or legal representatives.

While the will does not in terms state the character of the estate which is given in the first instance to the bodily heirs of Mary Ida Swindell, yet, under the common law, they took a life estate, because whenever an estate was devised to one without words of limitation, a life estate was thereby given to the party designated. [1 Washburn on Real Property (4 Ed.), pp. 114, 115, secs. 1 and 5; Yocum v. Siler, 160 Mo. 313, 314, 315.]

If said bodily heirs should have issue born unto them, then they were to take an estate in fee.  [1 Wash-

burn on Real Property (4 Ed.), pp. 114 and 115, sec. 1; Yocum v. Siler, 160 Mo. 315.]

According to this analysis, the lives in being mentioned in the will are those of Martha Jane Fisher, the widow, and Mary Ida Swindell, a daughter of the testator, each of whom took a vested life estate, the widow *in praesenti,* and the possession and enjoyment of the daughter's is by the will postponed until the death of the widow. This is the first link under the will in the chain of limitation denounced by the rule against perpetuities, and the second is, the devise to the bodily heirs of said Mary Ida Swindell, which we have shown is a life estate in the first instance, and which is liable to be enlarged into a fee by the birth unto them of the "issue" referred to in the will. This estate, so devised to them, the said bodily heirs, is a contingent remainder, because it cannot be ascertained who will be her bodily heirs until her death occurs, because the living can have no heirs of any kind, and until that contingency happens, the estate cannot vest. If this was the only limitation of the estate, it would not be obnoxious to the rule against perpetuities, because it would vest in her bodily heirs at her death, which would be within the twenty-one years allowed by the rule, after the lives mentioned in the will have terminated. But the will does not stop there—it goes one step further and gives them a fee, provided they have issue born. This step carries the time for the vesting of the fee in them, the bodily heirs of said Mary Ida Swindell, beyond the period allowed by the law against perpetuities, because said Mary Ida may yet have children born unto her, and who, if they should survive her, would become her bodily heirs, the same as her children who were living at the time of the death of the testator would be. Such births are not only possible but highly probable, in fact, such a child has been born unto Susan Ellen Shepperd since the death of the testator. It is

thus seen that the estate under the fifth clause of the will may not vest until the birth of an unborn child of an unborn child; and that under the sixth paragraph it cannot vest in fee in the child born since the death of the testator unto the said Susan Ellen Shepperd until it also has issue born, which will be beyond the allotted time prescribed by the rule, because such issue would be the unborn issue of the unborn bodily heirs of said Susan Ellen Shepperd. [1 Washburn on Real Property (4 Ed.), p. 110, sec. 57; Rice on Modern Law of Real Property, pp. 761, 762, sec. 274; Lockridge v. Mace, 109 Mo. l. c. 166.]

This same question came before the Supreme Court of Maryland, a case where the testator devised an equitable estate to his son, Charles, for life, and a similar estate to his children surviving him, and the remainder to the issue of such children. That court held the last limitation was void, because it violated the rule against perpetuities. [Heald v. Heald, 56 Md. 300.]

The only distinguishing feature between that case and this one is this: in that case the last limitation was to the issue of the surviving children, while in this case, the last limitation is to the bodily heirs of Susan Shepperd and Mary Swindell, provided they, the said bodily heirs, have issue born. The fact that the remainder in fee is given to the same parties to whom a life estate had been previously given by the provisions of the same will upon the happening of the contingency named, to-wit, the birth of issue, does not change the principle of law involved. In each case the remainder could not vest until after the expiration of the time allowed by the rule of law against perpetuities. This is the infallible test. If the limitation exceeds that time, the devise is void, and if it falls within that period, the devise is valid.

The same conclusion was reached by SHERWOOD,

J., in the case of Lockridge v. Mace, 109 Mo. 162, 166 to 168. [See also Donohue v. McNichol, 61 Pa. St. 73; Barnum v. Barnum, 26 Md. 119; Gray on Perpetuities (2 Ed.), secs. 369 to 382; Coggin's Appeal, 10 Am. St. 569; In re Walkerly, 49 Am. St. 136-7.]

Both of said devises contravene the letter and spirit of the law against perpetuities, and are for that reason invalid and the trial court was correct in so holding.

II. The second question presented is, do the devises mentioned in the will constitute one general plan of disposition of the testator's entire estate; and, if so, must the valid devises fall with the invalid, which are mentioned in paragraph one of this opinion?

The books are full of cases which hold that when the will contains distinct and independent provisions so that different portions of the property or different estates in the same are created, some of which are valid and others of them invalid, the valid ones will be preserved unless those which are valid are so dependent upon the invalid that they can not be separated without defeating the general intention of the testator.

The following cases so hold: Goldsborough v. Martin, 41 Md. 488; Heald v. Heald, 56 Md. 1. c. 313; Haxtun v. Corse, 2 Barb. 1. c. 519; Williams v. Conrad, 30 Barb. 529; Hawley v. James, 16 Wend. 1. c. 144; Palms v. Palms, 68 Mich. 1. c. 361; Saxton v. Webber, 83 Wis. 1. c. 617; Wheeler v. Fellowes, 52 Conn. 1. c. 247; Landers v. Dell, 61 Conn. 189; Lovering v. Worthington, 106 Mass. 86; Ward v. Ward, 105 N. Y. 68; Stout v. Stout, 44 N. J. Eq. 1. c. 487; Monypenny v. Dering, 2 De Gex, M. & G. 145; Hale v. Hale, 3 L. R. Ch. Div. 643; Smith v. Smith, 5 L. R. Ch. App. Cas. 1. c. 344; DuBois v. Ray, 7 Bosw. 297; De Peyster v. Clendining, 8 Paige 295; Thellusson v. Woodford, 4 Vesey, Jr. 227, 238.

But if such a holding would defeat the general plan of disposition made by the will, then the valid devises must fall with the invalid.

By reading this will it is clearly seen that it was the intention of the testator to preserve intact his "homestead," in and to his widow for life, and after her death to his two daughters, each to take the one-half designated in the will, and after the death of either of them, then to her bodily heirs, etc. The only thing that seemed to create a doubt in the testator's mind as to that plan being carried out by his executor was the debt of four thousand dollars he owed at the time the will was drawn, and which was secured by a deed of trust on the "homestead." In order to get rid of that debt he willed to each of his sons-in-law a certain described portion of the homestead, upon condition that each would pay off and discharge one-half of said debt, and in case they fail to discharge said debt the will authorized the executor to sell the same tracts and apply the proceeds to the payment of that indebtedness, and at the same time manifesting a desire to keep all of the homestead in the family as long as possible by giving the sons-in-law the preference to pay the debt and take the land and not to pass into the hands of strangers until they refused to pay the debt. Under this state of facts we think there is nothing in the will manifesting the intention of the testator to create and dispose of separate and independent estates, regardless of the general plan above stated.

This same question came before this court in the case of Lockridge v. Mace, 109 Mo. 162, and it was there held, in a case where the general plan of the testator was not so well defined as it is in the case at bar, that all the estates devised must fall together, both the valid and the invalid. [St. Armour v. Rivard, 2 Mich. 294; Donohue v. McNichol, 61 Pa. St. 78-9; Hawley v. James, 16 Wend. 120-126.]

One line of authorities hold that, in all cases where the limitation is void because it is violative of the rule against perpetuities or other rules of law, all estates disposed of by the same will must as a matter of law fall with the void devises. [Tregonwell v. Sydenham, 3 Dow 194; Casgrain v. Hammond, 134 Mich. 419; Andrews v. Lincoln, 95 Me. 541; Jenkins v. University, 17 Wash. 160; Greene v. Dennis, 6 Conn. 293; Van-Kleeck v. Reformed Dutch Church, 6 Paige 600; Post v. Hover, 33 N. Y. 593; La Farge v. Brown, 31 App. Div. 542, 52 N. Y. Supp. 93; Lawrence v. Smith, 163 Ill. 149; Thomas v. Gregg, 76 Md. 169; Tilden v. Green, 130 N. Y. 29; Gray on Perpetuities, sec. 413; Bigelow's Equity, 17.]

The ruling of the trial court upon that question was in harmony with the views here stated, and it did not err in holding that the devises to the widow and the two daughters of testator must fall along with the invalid limitation over in fee to their bodily heirs, if they had issue.

Our learned brother, GRAVES, J., who tried this case in the circuit court, held that the devises made of the two hundred and thirty-seven acres of land, mentioned in paragraphs seven and eight of the will, to Thomas M. Swindell and David E. Sheppard, sons-in-law of the testator, were valid, and decreed that they be permitted to pay off the four thousand dollars indebtedness mentioned in the will, and take the land as therein provided.

If the conclusions reached by us regarding the provisions of paragraphs two, five and six, that they constitute but one general disposition *of all the lands and tenements* of which the testator died seized, are correct, then we are unable to understand the process of reasoning by which the devises made to them can be upheld, and those to the widow and the daughters of the testator are destroyed. Clearly, it was the intention of the tes-

tator in giving the lands to the sons-in-law not only to provide a means by which the indebtedness against the homestead might be paid off, and thereby prevent a sale of it under the deed of trust, but also to thereby keep the whole estate together, intact, among the members of his own family; at least, so long as his widow and daughters should live. The devises to them were more in the nature of a means to attain an end than an object to be accompanied by the will. Otherwise, it is reasonable to presume the gift would have been to the daughters rather than to their husbands. We are not prepared to say that the devises to the daughters' husbands would have been made, or were intended to be separate and independent of the general scheme of disposing of all of his property, as shown by the will.

The authorities cited under paragraph two of this opinion support the views herein expressed. We are, therefore, of the opinion that our learned brother, GRAVES, J., was in error in his ruling on this point.

III.   The fifth and sixth assignments of error made by appellant are to the effect that the trial court erred in holding that Mary Ida Swindell and Susan Ellen Shepperd owned the land in fee instead of for life, subject to the life estate of the widow, and that the court erred in not holding void the condition limiting the estate to the bodily heirs of Mary Ida Swindell and Susan Ellen Shepperd, instead of holding the entire paragraphs two, five and six void.

The first of these two assignments asserts in effect a contrary doctrine to that reached and announced by this court in paragraph one of this opinion, and the second contends for a rule against the conclusion reached in paragraph two thereof.

The ruling of the trial court upon both of those propositions was correct, and there was no error in the ruling of that court, because if the provisions of the will are inoperative because of the limitation con-

travening the rule against perpetuities, then the daughters took a fee, subject to the widow's dower, as heirs-at-law of C. S. Fisher, the testator, and the limitation over to their bodily heirs is void for the reasons heretofore stated.

IV. Appellants' seventh assignment of error is, that the trial court erred in holding that partition could be had of lands in adverse possession of defendants, and in granting relief as stated in the decree.

If appellants' contention that they were in the adverse possession of the land in question and were claiming it against the plaintiffs was true, then their position would be tenable, and partition would not lie, but ejectment would have to be resorted to in the first place by plaintiffs to test the rights of possession. [Wommack v. Whitmore, 58 Mo. 448; Colvin v. Hauenstein, 110 Mo. 575; Lambert v. Blumenthal, 26 Mo. 471; Shaw v. Gregoire, 41 Mo. 407.]

But their contention is not true in point of fact — they are not claiming adversely to plaintiffs, but are claiming under the will of C. S. Fisher, deceased, which is not adverse to plaintiffs' interests in the lands. The adverse possession which prevents the plaintiffs from maintaining partition must be of such a character as if continued for a sufficient length of time it would ripen into a perfect title under the Statutes of Limitations.

This precise point was presented to this court in the case of Thomas v. Black, 113 Mo. 66. In that case the testator had been twice married, and there were two sets of children — one by each wife. The second wife's money paid for the land involved in that case, but the deed was made out in the name of the testator. He made the will and gave the land to the second wife, and her children begotten by him, because her money paid for the land; but omitted through ignorance of the law, to mention his children by the first wife. The

will was probated, and the devisees retained the adverse and exclusive possession of the land for twenty-six years, until the widow's death. When she died, the children by the first wife brought partition against the children by the second wife. The answer set up the will and the Statute of Limitations. In passing upon that question this court said: "Her interest in the premises was for life only, whether she be regarded as a tenant of the homestead under the act . . ., or by her right of quarantine, till the assignment of dower therein, or under the will, and, therefore, her possession is not adverse as to the heirs, and the Statute of Limitations will not begin to run as to them prior to her death." The decree for partition was affirmed. That decision is controlling in this case, and the trial court was correct in holding that there was no adverse possession to plaintiffs.

V. It is also assigned as error that the court permitted Thomas M. Swindell and David E. Shepperd to testify in the case.

We are unable to see in what manner any injustice was done defendants by the admission of that evidence, as everything they testified to was admitted to be true.

The eleventh paragraph of the will recites the fact that the testator had conveyed certain lands to Adam Fisher in consideration that he pay four thousand dollars to lift a deed of trust on his homestead. We do not wish to be understood as holding or saying anything which can be construed into holding that said Adam Fisher is excused or in any manner released from paying said sum of money.

As the devises under the will must fail, because of the law against perpetuities, C. S. Fisher died intestate as to the land described in the petition; and the advancements made by him to his son, Adam, may be stated and adjudicated in this suit if the parties

see proper to avail themselves of the opportunity. [R. S. 1899, sec. 2913.]

It must follow from what has been stated that the judgment of the circuit court must be reversed, and the cause remanded for another trial, in conformity to the views herein expressed. And it is so ordered.

All concur, except *Graves, J.,* who took no part.