OPINION of the Court, by;
Judge Owsley.
Cor" helius Duval executed a bill of sale, disposing of certain negroes, of which he was the rightful owner, to his daughter Esther West, during her natural life, and after her decease to be equally divided between such of her children as might be then living. Esther West diedi leaving Vandever West, one of the appellants, and the wife of Keen, two ol her children, then living. West and Keen being possessed of part of the negroes, Macey, the appellee, claiming by purchase from Rezin West, the husband of Esther, brought an action of de-tinue in the Franklin circuit court against them for the negroes in their possession. Non detinet was pleaded, and issue joined thereon. On the motion of Macey the circuit court instructed the jury that the remainder of the slaves to the children of Esther West was void ; that the sole and absolute property in the negroes passed by the bill of sale to Esther West, and that by operation of law the right thereto accrued to and became vested in her husband Rezin West, under whom Macey claimed title. Macey recovered judgment for the ne-groes j from which Keen and West have prosecuted this appeal.
By the 33d section of the act of Í798, respecting slaves, it is enacted u that no remainder of any slave or slaves shall or may be limited by any deed or last will and testament in writing of any person whatsoever, otherwise than the remainder of a chattel personal, by the rules of common law, can or may be limited.”
The only question involved in the determination of this cause is, whether by the rules of the common law a chattel could be granted to one for life, with a limitation in remainder to another ? It was anciently held that chattels in their nature were incapable of any limitation over, and that a grant or devise of them but for an hour or a minute, was a gift forever. ' Hence it was a long time before courts of justice could be prevailed upon to have any regard for a devise oyer, even of a chattel real or term lor years, after an estate for life limited therein ; and to get out of the literal authority of the old cases, a distinction was formerly taken, that a remainder might be limited for the residue of the years, *40 but not for the residue of the term. But by a train of adjudged cases, that distinction does not now exist. And the remainder of a term, or a personal chattel, may be limited by will, whether the term, or the 'lease, or the use and occupation of the land, or the lands themselves, or the’use of the chattel be bequeathed— 3 Saund. 388, n 9, h, and the authorities there cited.
To answer the agreement of parties and the exigencies of families, the same reason required that such limitations might be made by deed. And accordingly in the case of Wright, on the demise of Plowdon, against Cartwright, 1 Bur. 292, it was held that the limitation oí a term for years, by deed, was good. And Blackstone in the 2d volume of his Commentaries, 398, acknowledges that by the ancient rules of the common law there could be no future property, to take place in expectaucy, created in a personal chattel ; but says, if a man now, either by deed or will, limits furniture, &c. to A for life, remainder over to B, it is good, in the case of Higginbotham vs. Rucker, decided by the court of appeals m Virginia, 2 Call 313, it was adjudged that the gift of a slave to one for life, with a remainder to his children, was a good limitation. From these authorities, we think, by the rules of the common law, as they are recognized and known, both in F.ngland and this country, a personal chattel may be granted to one for life, with remainder to another, either by will or deed. The circuit court therefore erred in the instructions given to the jury.
Judgment reversed and cause remanded for a new trial.