LANDERS INVESTMENT COMPANY v. DELLA BROWN, LAURA M. SCOTT, TARSIA M. SHORT, LINDER MIDDLEWORTH, TARSIA HOUSTON, E. N. FERGUSON, Administrator of Estate of ELIZABETH M. SITTLER, E. N. FERGUSON, Ancillary Administrator of Estate of BLANCHE SITTLER CRANE, and JAMES L. CRANE; JAMES L. CRANE, Appellant.

Division One, July 31, 1923.

1. **ESTATES IN EXPECTANCY: In Personalty: Contingent Remainder.** Interests for life and in expectancy can be created in personal as well as in real estate. Future interests or quasi-remainders, operating in analogy to remainders and executory devises, may be created in money and other personalty, and they may be created by deed or will, and without the intervention of a trustee. Nor is it of consequence that the remainder so created is contingent, since a contingent remainder in personalty, although executory in its nature, is alienable, descendible and devisable.

2. ———: ———: **Lease for Ninety-Nine Years: Rents Payable to Daughter for Life and Then to Lessor's Heirs.** A lease for ninety-nine years provided that the rents should be paid in a named amount every three months to the lessor during her natural life, then to her daughter during her natural life, and upon the death of both to the lessor's "heirs, administrators and assigns." *Held*, that the periodical payments therein provided for are merely sums in gross secured by personal covenants, and the contract in this respect is of the same character as a bond for the payment of moneys by annual installments during a period of ninety-nine years, and the transaction effected through the lease was neither more nor less than a purchase by her of an annuity for a term of

Landers Investment Company v. Brown.

ninety-nine years, and by the lease contract there was created *in praesenti*, in the quarter-annual payments therein provided for, successive life estates in the lessor and her daughter, and an estate in remainder, expectant upon /their termination, in the lessor's heirs; and the lessor having first died leaving said daughter as her only descendant, and the daughter having next died leaving no descendants, nor father, mother, brother or sister or descendants of either, the rental installments are not payable to the daughter's surviving husband, as they would be if the Statute of Descents applied, but are payable according to the contract to the heirs of the lessor, who are her sisters, brothers and nieces.

3. ——: ——: ——: ——: **Heirs: Words of Purchase.** The word "heirs" used in a lease for ninety-nine years, which provided that the rents should be quarterly paid to the lessor during her natural life, then to her daughter during her natural life, and upon the death. of both to the lessor's "heirs, administrators .and assigns," is not to be taken as meaning the persons on whom the law casts an estate upon the death of the ancestor, but as words of purchase, and were manifestly used in anticipation that the daughter might die without descendants, in which event it was the lessor's intention that the rents should be payable, not to the daughter's husband or other stranger to the blood, but to the lessor's heirs at law.

4. ——: **Rule Against Perpetuities.** A lease contract which requires the interests of the remaindermen in the rents to vest immediately upon the death of the survivor of two lives, namely, the lessor and her daughter, does not violate the rule against perpetuities, although the remaindermen are designated simply by the word "heirs" of the lessor.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*A. S. Cowden* and *Mann & Mann* for appellant.

(1)  The direction in the lease that after the death of Lizzie M. Sittler and Blanche Sittler the rent shall be paid to the heirs of Lizzie M. Sittler is void because it is an attempt to make a gift testamentary in character and the instrument is not executed under the formalities required by our law in the execution of wills.  There

was never a delivery of the gift in the lifetime of the donor. In re Soulard's Estate, 141 Mo. 642; Murphy v. Gabbert, 166 Mo. 601; Griffin v. McIntosh, 176 Mo. 392; Aldridge v. Aldridge, 202 Mo. 565; Terry v. Glover, 235 Mo. 551; Miller v. Holt, 68 Mo. 584; Headington v. Woodward, 214 S. W. 963; Priester v. Hohlock, 75 N. Y. Supp. 405. (2) The said provision in the lease directing the rent after the death of Blanche Sittler, if construed to be a direction to pay to the respondents, is void for the further reason that the direction to pay such rents to respondents is a mere voluntary assignment or gift, to take effect in the future, and without any consideration moving from the respondents who are not parties to said lease, and without any obligation on the part of the said Lizzie M. Sittler to make such or any provision for them. Vantage Mining Co. v. Baker, 170 Mo. App. 471; Matlack v. Kline, 216 S. W. 329. (3) The respondents claiming to be the heirs of Lizzie M. Sittler after the death of Blanche Sittler could not have maintained a suit against the lessee for the recovery of this rent by claiming that the contract for the payment of rents after the death of Blanche was made for their benefit, because there was no consideration moving from them to the donee Lizzie M. Sittler, nor was she under any obligation to provide for them in this or any other manner. They were not privy to the consideration. It is necessary in order to create the necessary privity that Lizzie M. Sittler should have owed to respondents some obligation or duty, legal or equitable, which would give them a just claim before they could sue on the contract or claim the fund. Burton v. Ruth, 196 Mo. App. 459; School Dist. v. Works, 147 Mo. 580; Lumber Co. v. Banks, 136 Mo. App. 44; Devers v. Howard, 144 Mo. 678; St. Louis v. Von Phul, 133 Mo. 565; People v. Manning, 264 Mo. 581; Carpenter v. Realty Co., 103 Mo. App. 480; Uhrich v. Surety Co., 196 Mo. App. 111. (4) We know that the rule is that the mere fact that an instrument postpones the enjoyment of the subject-matter until after

the death of the grantor is not decisive that the instrument is testamentary in character. The test is whether the maker intended the instrument to have no effect until after the maker's death, or whether he intended to transfer some present interest. If some interest vests at once although the enjoyment is postponed, the instrument is not a will and it is revokable. 28 C. J. 624, par. 11 E. The mere intention to give in the future, however well shown, gives rise to no obligation which the law will recognize or enforce. 28 C. J. 627, sec. 19; Tille v. Roever, 159 Mo. App. 115; Tygard v. McComb, 54 Mo. App. 85. (5) A gift to take effect after the donor's death, the donor in the meantime retaining control and dominion over the property is a testamentary devise. 28 C. J. 648, sec. 43. The gift is not a vested remainder. It did not convey the present right to the future enjoyment of the rents. There was no gift save in the direction to pay or distribute the rent at a future time. "If futurity is annexed to the substance of the gift the vesting is suspended, but where the gift is absolute, and the time of payment only is postponed the gift is not suspended but vests at once. Out of this has grown the rule that when the only gift is in the direction to pay, or distribute or convey at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift." Stevens v. Carol, L. R. A. 1918 E. 1105, and note under heading "The General Rule" and cases cited in footnote 22; Owen v. Eaton, 56 Mo. App. 568; Sullivan v. Sullivan, 56 N. E. 116. (6) The word "heirs" as used in the lease means heirs of Lizzie M. Sittler at her death. Stokes v. Van Wyck, 3 S. E. 387; Desloge v. Tucker, 196 Mo. 587; Brown v. Banks, 66 Mo. App. 431; Rand v. Butler, 48 Conn. 293; McConnell v. Stewart, 48 N. E. 201. (7) At the time of the execution of the lease in question Blanche Sittler was twen-

ty-seven years old and childless. It was therefore entirely possible that at the death of Blanche the heirs of Lizzie M. might not then have been upon the happening of that event the respondents, but could well have been a grandchild of the said Blanche, and the lease in so far as it attempts to reserve the rent to the heirs of Lizzie M. who were not her heirs at her own death but who would be her heirs at the death of Blanche would violate the rule against perpetuities. While the policy of the law is against clogging the free alienation of estates it is an imperative, unyielding rule of law, first, that no estate can be given to the unborn child of an unborn child, and the limitation in order to be valid must be so made that the estate not only may but must vest in possession within the prescribed period. If by any possibility the vesting may be postponed beyond this period the limitation will be void. Lockridge v. Mace, 109 Mo. 162; Rand v. Butler, 48 Conn. 293.

*George W. Goad, John Schmook* and *Argus Cox* for respondents.

(1) It is conceded that a lease for ninety-nine years is a valid instrument and may be executed by any one owning real estate upon which the lease is to apply. The right to execute the lease carries with it the right to provide in the lease who shall collect the rent for the full term of the lease. The only exception being that it cannot take the place of a will or violate the rule of law against perpetuities. (2) It is the constant desire of the law to uphold a contract rather than destroy it; to effectuate the intention of the parties and not to defeat it. The deed or contract and every provision in it must be made operative if it is possible to do so. 13 Cyc. 604; Peter v. Byrne, 175 Mo. 243; Hubbard v. Whitehead, 221 Mo. 681; Horn v. Gartman, 1 Fla. 89; Roberts v. McYntire, 64 Maine, 362. (3) A lease for ninety-nine years or for any other number of years is personalty. Orchard

v. Stone Co., 225 Mo. 433; Mining Company v. Baker, 170 Mo. App. 468. (4) A remainder over a life estate in personalty may be created and passed by deed. Green v. Whaley, 271 Mo. 654. (5) A lease for ninety-nine years, or for any other length of time, short or long, which provides to whom the rent is to be paid after the death of the lessor, is not testamentary. Green v. Whaley, 271 Mo. 654; Simms v. Brown, 252 Mo. 58; Christ v. Kuehne, 172 Mo. 118; Wright v. Cartwright, 97 Eng. 315; Horn v. Gartman, 1 Fla. 63; Longworthy v. Chadwick, 13 Conn. 42; Nichols v. Emery, 109 Cal. 323. (6) If Mrs. Sittler had taken this lease with the provision that all the rent should be paid to her, and then executed a deed containing the same provisions as this lease it would have been valid. Buxton v. Kroeger, 219 Mo. 224; Horn v. Gartman, 1 Fla. 63; Nichols v. Emery, 109 Cal. 323. (7) What can be done by the deed in the manner above indicated can be done by a suitable provision in the lease itself. Wright v. Cartwright, 97 Eng. 315. (8) The consideration for any valid contract is a consideration for every provision that may lawfully be inserted in the contract by the parties executing it. Crone v. Stinde, 156 Mo. 262. (9) It is not necessary, as contended by appellant, that the party making the contract must owe some duty, either legal or equitable, to the third party in order to make a contract made for the benefit of a third party binding. If one of the objects of the contract is to secure a benefit to the third party and the benefit goes to him directly by a direct provision of the contract and not merely in an incidental way as a result of some provision intended, primarily, for the benefit of another, it is binding and may be enforced by the third party although he may be an entire stranger to it and furnish no part of the consideration and although neither of the parties executing the contract owes him any duty, either legal or equitable, to provide for him in the contract. Crone v. Stinde, 156 Mo. 262; Bank v. Chick, 170 Mo. App. 343. If a contract be made for

300 Mo.—23

the benefit of several persons it is not necessary for each to furnish part of the consideration. The consideration may all be furnished by one of the parties for whose benefit the contract is made and the contract will be valid as to all of them. Elmer v. Campbell, 136 Mo. App. 100. (11) This lease does not violate the rule of law against perpetuities. The remainder in this lease passed immediately after the end of a life in being when the lease was executed and hence passed before the expiration of the time limit fixed by the rule against perpetuities. Deacon v. Trust Co., 271 Mo. 695; Elsea v. Smith, 273 Mo. 412; Cox v. Jones, 229 Mo. 66; Walters v. Dickman, 274 Mo. 185; Gates v. Seibert, 157 Mo. 254. (12) In determining who is meant by the term heirs as applied to those who are to take after the death of both Lizzie M. Sittler and her daughter Blanche, it is necessary to first determine how and when they take. If they take by inheritance then, of necessity, they take at the death of their ancestor and the fact that they take by inheritance precludes that they are remaindermen, for remaindermen always take by purchase. If the parties to take after the death of both, take by purchase, then the term "heirs" used in this lease to designate those persons means the persons who are the heirs of Lizzie M. at the date at which the remaindermen are to come into the enjoyment of the estate under the instrument creating the remainder. Buxton v. Kroeger, 219 Mo. 240; Hartnett v. Langan, 282 Mo. 491; Varner v. Young, 56 Ala. 260; Vanzant v. Morris, 25 Ala. 285; Cole v. Creyon, 26 Am. Dec. 208; Riggins v. McClellan, 28 Mo. 23; Owen v. Eaton, 56 Mo. App. 572.

RAGLAND, J.—This action was instituted by the filing of a bill of interpleader. The controversy here, as in the court below, is between certain of the defendants who claim adversely to each other rents accruing under a ninety-nine-year lease of real estate.

There is no dispute as to the facts. On April 29, 1909, Lizzie M. Sittler was the owner in fee of a tract of

land in Springfield, Missouri. Blanche Sittler was her only child and heir apparent. On that date Lizzie M. Sittler and Blanche Sittler by a certain indenture demised the real estate just referred to to John T. Woodruff for a term of ninety-nine years from the first day of May, 1909. The only part of the lease material to the issues here was the covenant therein providing for the payments of rent. It was as follows:

"To have and to hold the said lot of ground and all and singular the premises thereto belonging or in anywise appertaining unto the said party of the second part [John T. Woodruff] and unto his heirs, executors, administrators and assigns for a term of ninety-nine years from and after the 1st day of May, 1909, the said party of the second part, his heirs, executors, administrators and assigns yielding and paying for the same unto the said Lizzie M. Sittler for and during her natural life, then [to] said Blanche Sittler for and during her natural life, if she survives her mother, then upon the death of Lizzie M. Sittler and Blanche Sittler to Lizzie M. Sittler's heirs, administrators and assigns, the yearly rental or sum of $1000, for the first ten years and $1200 per year for the remainder of the term, without any deductions whatever, in quarterly payments of four installments of $250 each for the first period and $300 per quarter for the remainder of the term, in lawful money of the United States, the first payment of which is to be made on the first day of May next, and thereafter on the first day of August, November, February and May, in each and every year of said term."

At the time of the execution of the lease Lizzie M. Sittler was fifty-six years of age and had been a widow since the death of her husband in 1887. Blanche, her daughter, was twenty-seven years of age. She was single but prior to that time had been married twice. She was an actress traveling from place to place in the practice of her profession. No children had ever been born to her.

Lizzie M. Sittler, while still a widow, died June 28, 1916. Blanche married the defendant James L. Crane,

December 22, 1913. They continued to live together as husband and wife until her death, which occurred December 22, 1916. No children were born of this marriage.

Had Lizzie M. Sittler died immediately following the death of her daughter, Blanche, her heirs would have been the defendants Della Brown, Laura M. Scott, Tarsia M. Short, Linder Middlesworth, Noah Middlesworth, Arthur Middlesworth and Tarsia Houston, her sisters, brothers and niece respectively. As Blanche Sittler Crane died without leaving any children or other descendants in being, or any father or mother, brothers or sisters, or descendants of either, her surviving husband, the defendant James L. Crane, is her heir at law.

By successive assignments the plaintiff, The Landers Investment Company, became and now is the holder of the leasehold. All rents under the lease were paid as they accrued to Lizzie M. Sittler until her death, then to Blanche Sittler until her death, and then to the defendant Ferguson, administrator of the estates of both, until the institution of this suit. The controversy is between defendant Crane, as heir of his wife Blanche, and the defendants who would have been the heirs of Mrs. Sittler had she died after the demise of her daughter. The court adjudged that the latter were entitled to the rents and from that judgment the defendant Crane prosecutes this appeal.

I. Upon the death of Lizzie M. Sittler, the fee in the leased premises passed by inheritance to her daughter Blanche Crane, and upon the death of the latter the fee descended under our Statute of Descents and Distribution to the defendant, James L. Crane.

**Personality: Estate in Expectancy.** If it were not for the covenant in the lease with respect to the payment of rents, there would be no question but that they would go to Crane as incident to the reversion. The validity of the provision that the rents should be paid to "Lizzie M.

Sittler's heirs,'' upon the death of both her and Blanche, is therefore the subject of contention.

Appellant claims that the provision is testamentary in character, in that no present interest vested under it, it merely evidencing an intention on the part of Lizzie M. Sittler to make a gift to take effect in the future.

While rent to accrue usually accompanies and is incident to the reversion, it is not inseparably incident. The owner of the reversion may convey it, reserving the rents, and he may thereafter assign the rents to another. [16 R. C. L. 909.] The lease giving rise to this controversy is not set out in full in the abstract of the record but so far as appears the periodical payments therein provided for are merely sums in gross secured by personal covenants. The contract in that respect is therefore of the same character as a bond for the payment of moneys by annual installments during a period of ninety-nine years. The transaction effected through the lease by Mrs. Sittler was therefore neither more nor less than the purchase by her of an annuity for a term of ninety-nine years. So far as she was concerned the contract of purchase and sale became fully executed and irrevocable. She conveyed the leasehold and delivered possession of the demised premises. The lessee, his personal representative and assigns, in turn became bound to make the quarter-annual payments according to his covenant and not otherwise.

It is now well settled that interests for life and in expectancy, by analogy estates, can be created in personal as well as in real property. Future interests or *quasi*-remainders, operating in analogy to remainders or executory devises, may be created in money and other personalty, and they may be created by either deed or will and without the intervention of a trustee. [Keen and West v. Macey, 6 Ky. 39; State ex rel. v. Welch, 175 Mo. App. 303.] Upon the execution of the lease contract there was created *in praesenti*, in the quarter-annual payments therein provided for, successive life es-

tates in Lizzie M. Sittler and in Blanche Sittler, and an estate in remainder, expectant upon their termination, in the "heirs" of Lizzie M. Sittler. That such remainder was contingent is of no consequence. [21 C. J. 1043.] A contingent remainder in personalty, although executory in nature, is such a present interest as to be alienable, descendible and devisable. [21 C. J. 1047.] The interests of the remaindermen under the instrument under consideration did not arise as gifts from Lizzie M. Sittler, but from grants made by John T. Woodruff, based upon a present valuable consideration moving from said Lizzie M. Sittler.

II. It is contended by appellant that the word "heirs" in the phrase, "Lizzie M. Sittler's heirs," is to be taken in its usual and ordinary sense as meaning the persons on whom the law casts an estate upon the death of the ancestor. If it were used in that sense, then the provisions of the lease specifically naming the persons to whom the quarter-annual payments should be successively made were wholly superfluous, serving no purpose whatever. Without them the rents would have gone to Mrs. Sittler during her lifetime as incident to the reversion, and at her death, Blanche, taking the fee by inheritance, would for like reason have been entitled to the rents. In view of the circumstances surrounding the parties at the time of the execution of the lease it is manifest that they anticipated the possible happening of the very events that did happen, namely, the death of Blanche, after the decease of her mother, without issue, but leaving a husband surviving her, and that the provisions of the lease with respect to the payments thereunder were inserted for the purpose of preventing the rents from going to a stranger to the blood, upon the happening of such contingencies. It is clear that "Lizzie M. Sittler's heirs" were used as words of purchase and not of limitation, and comprehended those persons who, "upon the death of Lizzie M. Sittler and

*Heirs.*

Blanche Sittler'' would have been the former's heirs had the latter predeceased her.

III.   Appellant further asserts that the limitation over after the life estates of Lizzie M. Sittler and Blanche Sittler is void because in violation of the rule against perpetuities.  But in this it is plain that he is mistaken.  It required the interests of the remaindermen to vest immediately upon the death of the survivor of two lives in being at the time of the execution of the instrument creating the interests, whereas, the period allowed by the rule included an additional twenty-one years.

*Perpetuity.*

There are some other contentions, but what we have said fully disposes of them.

The judgment of the trial court is affirmed.  All concur.